1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS, | No.  1:16-cv-00595 AWI DLB PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS |
| v. | |
| HERNANDEZ, et al., | |
| Defendants. | THIRTY-DAY DEADLINE |

Plaintiff George E. Jacobs ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on April 28, 2016.  Plaintiff names Corcoran State Prison ("CSP") CCI S. Hernandez, CSP Warden D. Davey, CSP CCII Cota, CSP Cpt. Gallagher and CSP Sgt. Alvarado as Defendants.

**A.      SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

1

1   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2   claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3       A complaint must contain "a short and plain statement of the claim showing that the

4   pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

5   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

6   conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing

7   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient

8   factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting

9   Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are

10  not. Id.

11      Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or

12  other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d

13  1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006);

14  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions

15  or omissions of each named defendant to a violation of his rights; there is no respondeat superior

16  liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609

17  F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.

18  2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a

19  plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962,

20  969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility

21  standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

22  **B.     ALLEGATIONS IN FIRST AMENDED COMPLAINT[1]**

23      Plaintiff is currently incarcerated at CSP in Corcoran, California, where the events at issue

24  occurred.

25      Plaintiff alleges that on March 11, 2016, he was discharged from the ACH Hospital with a

26  humerus bone fracture and radial nerve palsy in his right arm.  The condition left his right arm,

27  _____

28  [1] Plaintiff states that his claims are not exhausted because prison officials are refusing to respond to his appeals.
    Exhaustion is an affirmative defense, however.

                                        2

1  wrist and fingers paralyzed.  Plaintiff states that he was discharged so that he could be sent to an

2  out-patient CDCR medical facility because of his high-risk medical status.  However, he was

3  placed and held in solitary confinement under punitive conditions instead.

4         On March 15, 2016, Plaintiff saw Defendant Hernandez walking the tier talking to SNY

5  inmates about their ICC hearings.  Plaintiff tried to get her attention to inquire about his

6  placement in Ad/Seg, but she ignored him.  Each week, Plaintiff tried to contact her about his

7  committee hearing, with negative results.

8         On March 29, 2016, Plaintiff saw Defendant Cota on the tier processing SNY inmates for

9  ICC hearings.  Plaintiff stopped Defendant Cota and asked why he had not had an ICC placement

10  hearing.  Defendant Cota told Plaintiff, "you know why you haven't been taken to ICC, until you

11  tell us something or go SNY you gonna stay back here."  ECF No. 1, at 7.  He said that he

12  couldn't help him and that Plaintiff needed to talk to Defendant Hernandez.

13         On April 11, 2016, Plaintiff sent a CDCR 22 form to ASU Sgt. Cambell asking why he

14  had not had an ICC hearing.  Sgt. Cambell investigated the situation and told Plaintiff that he

15  emailed Defendant Hernandez, but Defendant Hernandez did not respond.  Sgt. Cambell said he

16  would continue to check on it.

17         On April 12, 2016, Plaintiff sent a CDCR 322 form to Defendants Davey and Gallagher

18  asking about an ICC hearing.  Plaintiff explained his medical needs, but Defendants ignored him.

19         Plaintiff alleges that Defendant Davey is responsible for the training and discipline of

20  Defendants Hernandez and Cota, who are his appointed designees responsible for preparing

21  inmate files and presenting cases before the ICC within ten days.  Defendant Davey is the

22  chairman of ICC hearings and is responsible for overseeing his designees' caseloads to ensure

23  that all inmates receive their hearings.

24         Plaintiff contends that Defendant Gallagher is responsible for ensuring that he provides all

25  inmates housed on the 3A yard and placed in solitary confinement with a notice and hearing 48

26  hours after placement.  He is also supposed to follow-up with inmates who inform him that they

27  were not provided with a notice or hearing, and review all lock-up orders.

28

3

1   Plaintiff was placed in solitary confinement by Defendant Alvarado based on

2   "unsubstantiated and unfounded suspicion of safety and security concerns."  ECF No. 1, at 8.

3   The conclusion of the investigation into Plaintiff's safety and security was affirmed on December

4   19, 2015, by Defendant Alvarado, but Plaintiff was still placed in solitary confinement on March

5   11, 2016, without due process.

6   Plaintiff states that it has been 46 days and counting since he was placed in solitary

7   confinement without notice, a hearing or charges.  Plaintiff is a mental health prisoner with a

8   disability.  Since Plaintiff has been in solitary confinement, he has not had access to disability

9   accommodations and has been forced to shower in non-ADA showers.  He also contends that he

10   is forced to take five-minute showers, which leave him unable to adequately clean himself with

11   one arm.  Plaintiff has become suicidal and has daily pain in his arm, which went untreated for a

12   month.  Plaintiff also had severe stomach pains, vomiting, fever and chills for four days, but he

13   did not receive medication attention.  He has to scream "man down" on four different occasions

14   to get emergency medical treatment.  ECF No. 1, at 9.  Each time, Plaintiff was forced to fill out a

15   co-payment form and was returned to his cell without treatment.

16   Plaintiff contends that he has been discriminated against because of his disability,

17   harassed and verbally abused.  Daily, the guards provoke Plaintiff into committing a violent act so

18   that the guards have a reason to keep him in solitary confinement.

19   **C.**      **DISCUSSION**

20   1.      Eighth Amendment- Medical Care

21   While the Eighth Amendment of the United States Constitution entitles Plaintiff to

22   medical care, the Eighth Amendment is violated only when a prison official acts with deliberate

23   indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th

24   Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th

25   Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d

26   1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating

27   that failure to treat [his] condition could result in further significant injury or the unnecessary and

28   wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately

4

indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  Deliberate indifference is

shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need,

and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at

1096).  The requisite state of mind is one of subjective recklessness, which entails more than

ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted);

Wilhelm, 680 F.3d at 1122.

    Plaintiff alleges that Defendants violated the Eighth Amendment by denying medical care

for various ailments during his time in solitary confinement.  He does not, however, link any

individual Defendant to any specific denial.

    Pro se litigants are entitled to have their pleadings liberally construed and to have any

doubt resolved in their favor, Wilhelm, 680 F.3d at 1121-23; Hebbe v. Pliler, 627 F.3d 338, 342

(9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which

requires sufficient factual detail to allow the Court to reasonably infer that each named defendant

is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v.

U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant

acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the

plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

    Plaintiff therefore fails to state an Eighth Amendment medical claim against any

Defendant.

    2.    Eighth- Conditions of Confinement

    The Eighth Amendment protects prisoners from inhumane conditions of confinement.

Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  "[R]outine discomfort inherent in

the prison setting" does not rise to the level of a constitutional violation.  Johnson v. Lewis, 217

F.3d 726, 731 (9th Cir. 2000).  Rather, extreme deprivations are required to make out a conditions

of confinement claim, and only those deprivations denying the minimal civilized measure of life's

necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Farmer v.

Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994); Hudson v. McMillian, 503 U.S. 1, 9, 112

S.Ct. 995 (1992).  In order to state a claim, Plaintiff must allege facts sufficient to show that

1  prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  E.g.,

2  Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Richardson

3  v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010).

4       Insofar as Plaintiff contends that his placement in solitary confinement, alone, violates the

5  Eighth Amendment, he fails to state a claim.  Plaintiff fails to explain why solitary confinement

6  posed a substantial risk of harm, and how Defendants were deliberately indifferent to this harm.

7       Plaintiff also suggests that a five minute shower, where he only has the use of one arm,

8  was not sufficient to adequately clean himself.  While the Eighth Amendment guarantees

9  sanitation, Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982), including personal hygiene

10  supplies such as soap and toothpaste, Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996), this is

11  not the type of "extreme deprivation" necessary to state an Eighth Amendment claim.

12       Next, Plaintiff alleges that he has been harassed and verbally abused, though he does not

13  link any Defendant to this claim.  In any event, verbal harassment or abuse alone is not sufficient

14  to state a claim under section 1983.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

15       Finally, Plaintiff alleges that he was denied disability accommodations, but his allegations

16  are too vague to state a claim.  Plaintiff must set forth "sufficient factual matter, accepted as true,

17  to 'state a claim that is plausible on its face.'"  Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550

18  U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

19       For these reasons, Plaintiff fails to state a conditions of confinement claim under the

20  Eighth Amendment.

21       3.       Fourteenth Amendment- Discrimination

22       The Equal Protection Clause requires that persons who are similarly situated be treated

23  alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249

24  (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013);

25  Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891

26  (9th Cir. 2008).  To state a claim, Plaintiff must show that Defendants intentionally discriminated

27  against him based on his membership in a protected class.  Hartmann, 707 F.3d at 1123; Furnace,

28

6

705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

Plaintiff suggests that he has been discriminated against because of his disability.  His allegations are too vague, however, to state a claim.  Plaintiff has not included any factual allegations to support his claim, nor has he linked any individual Defendant to a deprivation.  As explained above, while factual allegations are accepted as true, legal conclusions are not.

Plaintiff therefore fails to state a discrimination claim under the Fourteenth Amendment.

4.    Due Process

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law.  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).  To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221.  Liberty interests may arise from the Due Process Clause itself or from state law.  Id.  The Due Process Clause does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue.  Id. at 221-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted).  Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  Wilkinson, 545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

The due process clause demands certain procedural protections when solitary confinement is imposed, because solitary confinement is a major change in the conditions of confinement. Wolff v. McDonnell, 418 U.S. 539, 571 n. 19 (1974); Toussaint v. McCarthy, 801 F.2d 1080, 1098 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987).  When prison officials initially determine whether a prisoner is to be segregated for administrative reasons, due process only requires the following procedures: (1) prison officials must hold an informal non-adversary hearing within a reasonable time after the prisoner is segregated; (2) prison officials must inform

7

1    the prisoner of the charges against the prisoner or their reasons for considering segregation; and

2    (3) prison officials must allow the prisoner to present his views.  Toussaint, 801 F.2d at 1100-01;

3    see also Brown v. Oregon Dep't of Corr., 751 F.3d 983 (9th Cir. 2014).

4                            *Defendants Alvarado and Cota*

5          Here, Plaintiff alleges that Defendant Alvarado placed him in solitary confinement, and

6    that Defendant Cota knew that he had not received a hearing.  At the screening stage, these

7    allegations are sufficient to state a due process claim against Defendants Alvarado and Cota.

8                       *Defendants Hernandez, Davey and Gallagher*

9          Supervisory personnel may not be held liable under section 1983 for the actions of

10   subordinate employees based on respondeat superior, or vicarious liability.  Crowley v. Bannister,

11   734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726

12   F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir.

13   2012) (en banc).

14         Rather, "[a] supervisor may be liable only if (1) he or she is personally involved in the

15   constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's

16   wrongful conduct and the constitutional violation."  Crowley, 734 F.3d at 977 (citing Snow, 681

17   F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693

18   F.3d at 915-16.

19         Insofar as Plaintiff attempts to impose liability against these Defendants solely on the

20   basis of their supervisory positions, i.e., that they were responsible for the actions of their

21   subordinates, he cannot do so.

22         Plaintiff also alleges that he informed them of the issue, but they ignored him.  He does

23   not sufficiently allege, however, that they had actual knowledge of the issue.  For example,

24   Plaintiff states that he tried to get Defendant Hernandez's attention numerous times, but she

25   ignored him.  He also states that he sent Defendants Davey and Gallagher CDCR 22s, but they

26   ignored them.  His allegations do not demonstrate that any of these Defendants actually knew of

27   his complaints and failed to correct them.  In other words, although Plaintiff tried to alert them, he

28   does not allege that his attempts were successful and that Defendants Davey, Hernandez or

1  Gallagher were actually aware of his complaints.  Without such evidence, they cannot be said to

2  have been personally involved in the deprivation of his rights.

3      Plaintiff therefore fails to state a claim against Defendants Hernandez, Davey and

4  Gallagher.

5  **D.    ORDER**

6      Plaintiff's complaint states a cognizable due process claim against Defendants Cota and

7  Alvarado.  It does not state any other claims.  Plaintiff has not previously been provided with

8  notice of the deficiencies in his claims and the Court will provide Plaintiff with the opportunity to

9  file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies.

10 Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez, 203 F.3d at 1130-31; Noll v.

11 Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff amends, he may not change the

12 nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d

13 at 607.

14     However, if Plaintiff does not wish to file an amended complaint and he is agreeable to

15 proceeding only on his cognizable due process claim against Defendants Cota and Alvarado, he

16 may file a notice informing the Court that he does not intend to amend and he is willing to

17 proceed only on his cognizable claim.  The Court will then provide Plaintiff with the requisite

18 forms to complete and return so that service of process may be initiated on Defendant Cota and

19 Alvarado, and the remaining claims and Defendants will be dismissed.

20     If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under

21 section 1983, it must state what each named Defendant did that led to the deprivation of

22 Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under

23 the theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr, 652 F.3d at 1205-07.

24 Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief

25 above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

26     Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa

27 County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself

28 without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a complaint form;

2.     Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

     a.     File an amended complaint curing the deficiencies identified by the Court in this order, or

     b.     Notify the Court in writing that he does not wish to file an amended complaint and he is willing to proceed only against Defendant Cota and Alvarado his cognizable due process claim; and

3.     If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **June 17, 2016**                 /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE